**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CHARIELL ALI GLAZE**                                                                              **PLAINTIFF**

v.                                          NO. 4:10CV00219-JMM-BD

**KARL BYRD, et al.**                                                                                **DEFENDANTS**

## ORDER

The Court has received a Partial Recommended Disposition ("Recommendation") from Magistrate Judge Beth Deere. Both the Plaintiff and the Defendants have filed objections to the Recommendation.

In Plaintiff's objection, he requests that the Court consider his argument that the Detention Center policy used to determine whether an inmate should be re-assigned or removed from a cell based on any security risk is unconstitutional. Apparently, it is his position that the lack of a written policy or procedure for determining when to transfer an inmate after an officer learns of a threat to that inmate's safety caused him to suffer a constitutional violation. The Court is not persuaded.

First, the Court agrees with the Defendants that Mr. Glaze seems to first assert this claim in his response to the Defendants' motion for summary judgment. Further, although determining whether an inmate should be moved from a particular cell based upon a possible security risk appears to be a decision made primarily by the officer involved, the Court fails to see how such a policy is unconstitutional or led to Mr. Glaze's injuries in this case.

Here, as explained in the Recommendation, inmate Bradley Boyce informed Defendant Childs that other inmates had discussed harming Mr. Glaze when he returned to his cell.  Defendant Childs allegedly told Mr. Boyce that he would inform his lieutenant (Defendant Andrews) about the situation to determine what could be done.  Either Defendant Childs failed to properly notify Defendant Andrews of the situation or Defendant Andrews failed to properly respond to the warning.  Given either scenario, Mr. Glaze has failed to present any facts to support a finding that he sustained any injury as a result of any unconstitutional policy.  Although Mr. Glaze contends that either official's decision was "arguably within the purview of the Faulkner County Detention Center's own policy," it is well-established that prison officials are afforded discretion in the performance of their duties.  (ECF No. 111 at p.5).  Because Mr. Glaze has failed to create any genuine issue of material fact on this issue, Defendants are entitled to judgment as a matter of law.

In addition, Plaintiff and the Defendants object to footnote 2 in the Recommendation regarding the hearsay testimony of Bradley Boyce. Plaintiff has alleged that Andrews violated his constitutional rights by failing to protect him from attack.  Defendant Andrews' knowledge of a threat is relevant to this claim.  Defendant Andrews testified that he did not know of problems between Plaintiff and Marcus Amos *prior to March 6, 2010*, the day of the attack.  (ECF No. 85-5 at p. 5).  However, the Court notes that Andrews does not say whether he was notified by Defendant Childs about the threat to Plaintiff before the attack *on* March 6, 2010.  The Court finds that Plaintiff has presented a genuine issue of material fact on this issue.  If necessary, the Court will rule

on the admissibility of Mr. Boyce's testimony at trial.

After careful review of the Recommendation, the timely objections received thereto, as well as a *de novo* review of the record, the Court concludes that the Partial Recommended Disposition should be, and hereby is, approved and adopted as this Court's findings in all respects.

Defendants' motion for summary judgment (ECF No. 83) is GRANTED, in part, and DENIED, in part. Mr. Glaze's claims against Defendants Byrd, Brown, and Randall are DISMISSED, with prejudice. Mr. Glaze's claims against Defendants Childs and Andrews in their official capacities are DISMISSED, with prejudice. Mr. Glaze may proceed on his claims against Defendants Childs and Andrews in their individual capacities.

IT IS SO ORDERED, this 25th day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE